UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK BAILEY, | : | PRISONER CASE NO. |
|     Plaintiff, | : | 3:11-cv-1544 (JCH) |
| | : | |
| v. | : | |
| | : | |
| WARDEN FARREL, et al., | : | MAY 11, 2012 |
|     Defendants. | : | |

**RULING AND ORDER**

The plaintiff is currently incarcerated at Osborn Institution in Somers, Connecticut and has filed a complaint pro se under 42 U.S.C. § 1983.  He sues Warden Farrel, John or Jane Doe Medical Supervisor at Bridgeport Correctional Center, John or Jane Doe Medical Supervisor at New Haven Correctional Center, University of Connecticut Correctional Health Management and John or Jane Does Unknown.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  Id.  This requirement applies whether the inmate has paid the filing fee or is proceeding in forma pauperis.  See Carr v. Dvorin, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a pro se complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on December 13, 2010, Waterbury Police Officers arrested him in Waterbury, Connecticut. At that time, he suffered from congestion and fatigue and was under weight. In early February 2011, a Superior Court Judge noted on the plaintiff's mittimus that he required medical attention. At that time, the plaintiff was incarcerated at New Haven Correctional Center and was coughing and having trouble breathing due to fluid in his lungs. A correctional officer refused to bring him to the medical department. Medical officials refused to see him in the medical department until February 10, 2011. The plaintiff had not been permitted to eat for two days.

The plaintiff was admitted to the medical department and placed in a cell with a mattress on the floor. Later that evening, a nurse sent the plaintiff to the University of Connecticut Health Center ("UCONN") after he started to cough up blood. Medical personnel at UCONN treated the plaintiff's symptoms with medications and diagnosed

him as suffering from MRSA pneumonia. The plaintiff remained at UCONN for about a week. The doctors informed the plaintiff that he had suffered permanent breathing complications and lung scarring.

On May 18, 2011, New Haven Correctional Center officials transferred the plaintiff to Bridgeport Correctional Center. The medications prescribed by UCONN did not arrive at Bridgeport Correctional Center until one month after his transfer. In September 2011, the plaintiff again began to cough and an officer escorted the plaintiff to the medical department. The medical staff diagnosed the plaintiff as suffering from a fever and prescribed medication. The medical staff refused to otherwise treat the plaintiff's other symptoms, such as shortness of breath, coughing up blood, inability to keep food down, headaches, and chest pain.

On September 20, 2011, officers escorted the plaintiff to the medical department because he had been coughing up blood. An x-ray revealed pneumonia. Medical staff confined the plaintiff in the infirmary and prescribed medication to treat his pneumonia. Medical staff discharged the plaintiff from the infirmary on September 23, 2011, before a physician had examined him. The plaintiff seeks monetary damages and an injunction directing the defendants to release his medical records and to provide him with medical treatment.

The plaintiff describes the University of Connecticut Correctional Managed Health Care as the entity that provides medical care to inmates confined in Department of Correction facilities. Like other state agencies, the University of Connecticut Correctional Managed Health Care is not a person within the meaning of section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, (1989) (state and state

agencies not persons within meaning of 42 U.S.C. § 1983); Gaby v. Board of Trustees of Community Technical Colleges, 348 F.3d 62, 63 (2d Cir. 2003) (per curiam) (noting decisions holding that state universities and their boards of trustees are not persons within the meaning of section 1983); Stewart v. John Dempsey Hospital, No. 3:03cv1703 (WWE), 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (holding that John Dempsey Hospital University of Connecticut Health Center is not a person within the meaning of section 1983). Accordingly, all claims against the University of Connecticut Correctional Managed Health Care are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Warden Farrel of Bridgeport Correctional Center is included in the caption of the complaint and description of parties. The plaintiff does not, however, assert any allegations against Warden Farrel in the body of the Complaint. As such, the plaintiff has not alleged that Warden Farrel violated his constitutionally or federally protected rights. The claims against Warden Farrel are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

The plaintiff seeks injunctive relief from all of the defendants relating to his medical care and medical records at Bridgeport and New Haven Correctional Centers. The Second Circuit has held that an inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). See also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). Other courts concur with this result. See, e.g., McAlpine v. Thompson, 187 F.3d 1213,

1215 (10th Cir. 1999) (noting that an inmate's claim for prospective injunctive relief regarding conditions of confinement is rendered moot upon his release from confinement).

The plaintiff has now been sentenced and is incarcerated at Osborn Correctional Institution. Thus, his claims for injunctive relief regarding his confinement and medical treatment at Bridgeport and New Haven Correctional Centers are moot and are dismissed. See 28 U.S.C. § 1915A(b)(1).

The plaintiff has also named John Doe Medical Supervisors at both Bridgeport and New Haven Correctional Centers as well as unidentified John or Jane Does. The plaintiff does not specifically refer to any of the Doe defendants in the body of the complaint. As such, the plaintiff has not alleged that the defendant John or Jane Does have violated his federally or constitutionally protected rights. All claims against the John and Jane Doe defendants are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as lacking an arguable legal or factual basis.

## Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1) The claims in the Complaint against all defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Motion for a Pretrial Conference [**Doc. No. 9**] is **DENIED** as moot. The plaintiff has also filed a Motion for Declaratory Relief [**Doc. No. 10**] challenging the constitutionality of several State of Connecticut criminal kidnaping statutes. As this Motion pertains to statutes that are completely unrelated to the allegations in the Complaint, the Motion is **DENIED**. If the plaintiff chooses to

5

appeal this decision, he may not do so in forma pauperis, because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). The Clerk is directed to enter judgment for the defendants and close this case.

The court will permit the plaintiff thirty days to file a motion to reopen accompanied by a proposed amended complaint if he can identify and allege the personal involvement of individual medical personnel and/or correctional staff at New Haven and Bridgeport Correctional Centers who, in 2011, denied or delayed medical treatment for his medical conditions.

(2) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Initial Review Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit and a copy of this Ruling and Order to the plaintiff.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 11th day of May, 2012.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge