UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARK BAILEY,
    Plaintiff,

v.

WARDEN FARREL, ET AL.,
    Defendants.

PRISONER CASE NO.
3:11-cv-1544 (JCH)

FEBRUARY 13, 2013

## RULING AND ORDER

The plaintiff is currently incarcerated at Carl Robinson Correctional Institution in Enfield, Connecticut ("Carl Robinson"). In October 2011, the plaintiff filed a Complaint pro se under 42 U.S.C. § 1983, naming Warden Farrel, John or Jane Doe Medical Supervisor at Bridgeport Correctional Center, John or Jane Doe Medical Supervisor at New Haven Correctional Center, University of Connecticut Correctional Health Management, and John or Jane Does Unknown as defendants. On May 14, 2012, the court dismissed the Complaint pursuant to 28 U.S.C. § 1915A(b)(1) and directed the Clerk to enter judgment for the defendants and to close the case. Judgment entered on May 15, 2012. In the Ruling dismissing the Complaint, the court informed the plaintiff that he could file a motion to reopen the case accompanied by a proposed amended complaint, if he could identify and allege the personal involvement of individual medical personnel and/or correctional staff at New Haven and Bridgeport Correctional Centers who, in 2011, denied or delayed medical treatment for his medical conditions. See Ruling (Doc. No. 12) at 6.

The plaintiff has filed two Motions for Reconsideration of the court's Order dismissing the Complaint. In addition, the plaintiff has filed a Motion for Appointment of

Counsel and submitted a letter pertaining to conditions of confinement at Carl Robinson, asking that counsel be appointed to represent him.  For the reasons set forth below, the Motions are denied.

**I.     MOTIONS FOR RECONSIDERATION (DOC. NOS. 14, 16)**

The plaintiff seeks reconsideration of the court's Ruling dismissing the Complaint and denying the Motions for a Pretrial Conference and for Declaratory Relief.  Included within the first Motion for Reconsideration is a request for leave to file an amended complaint, a proposed amended complaint, and a request to consolidate this case with two other cases filed by the plaintiff.

The standard governing motions for reconsideration is strict.  Courts will deny reconsideration "unless the moving party can point to controlling decisions or data that the court overlooked—matters . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A court should not grant a motion for reconsideration if "the moving party seeks solely to re-litigate an issue already decided." Id.

In support of his motions, the plaintiff simply states that, in considering whether allegations in a complaint state a claim or claims upon which relief may be granted, a court should accept all facts as true and construe them in his favor.  The plaintiff has neglected to point to any facts or law the court overlooked in its decision dismissing his Complaint and denying the Motions for a Pretrial Conference and for Declaratory Relief.  Accordingly, the Motions for Reconsideration (Doc. Nos. 14, 16) are denied.

The court will not construe the Motions for Reconsideration as motions to reopen the case, because the plaintiff has not submitted a proposed amended complaint that

complies with the court's instructions in its May 14, 2012 Ruling and Order. The court granted the plaintiff permission to file a motion to reopen and an amended complaint only as to claims he might have against Bridgeport and New Haven Correctional Center employees with regard to their involvement in his medical treatment in 2011.

The proposed amended complaint includes thirty defendants and claims regarding not only his 2000 conviction for kidnapping, but his conviction on a larceny charge and for violation of parole in 2012, claims pertaining to his release to a halfway house in 2009, claims against the Town of Milford, and claims of denial of access to courts and self-representation and confiscation of legal materials in 2012. Thus, the proposed amended complaint does not comply with the court's May 2012 Order that it only include facts regarding his medical treatment at Bridgeport and New Haven Correctional Center employees. The request to file the proposed amended complaint is denied.

The plaintiff also argues that the court should consider consolidating this case with two other cases that he filed in this court, Bailey v. Corbett, et al., Case No. 3:11-cv-1553 (JCH) and Jarecke v. Murphy, et al., Case No. 3:10-cv-552 (JCH). The allegations in Jarecke v. Murphy pertain to his release from the Department of Correction on December 3, 2009 to a halfway house and his subsequent remand back to the Department of Correction by the Board of Parole four days later. The case has been closed since November 2011.

The allegations in Bailey v. Corbett pertain to the plaintiff's release on parole from the Department of Correction in August 2010 to a halfway house. He subsequently robbed a bank on December 13, 2010, and was arrested by Waterbury

police officers. The plaintiff sues a reporter for the Republican American newspaper and a Waterbury Police Department Public Information Officer for defamatory statements included in a newspaper article about the bank robbery committed by the plaintiff. The plaintiff also sues a Department of Correction official allegedly responsible for his release to the halfway house in August 2010 and the Waterbury Probation Officer who supervised the plaintiff during his release on probation from August to December 2010. That case remains pending. In September 2012, the court denied a motion to consolidate that case with the present case.

      The plaintiff has failed to include any basis for consolidating the present case with Jarecke v. Murphy, a case closed since November 2011, or Bailey v. Corbett, a case that remains pending, but which includes allegations that are completely unrelated to the allegations in the Complaint filed in the present case. Any request for consolidation is denied. Accordingly, the Motions for Reconsideration are denied in all respects.

      Because the plaintiff attempted to include in the proposed amended complaint allegations pertaining to the claimed inadequate medical treatment by prison employees at New Haven and Bridgeport Correctional Centers in 2011, the court will permit the plaintiff thirty days to file a new motion to reopen and a motion for leave to file an amended complaint pertaining only to those allegations. The plaintiff must submit a proposed amended complaint with his motion for leave to file an amended complaint. The plaintiff is cautioned that the allegations in the proposed amended complaint must be limited to his medical conditions and the alleged delays in or denial of medical treatment for those conditions by employees of Bridgeport and Hartford Correctional

Centers in 2011.

## II.     MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 15)

The plaintiff seeks the appointment of pro bono counsel.  Because the court has not reopened the case, the Motion is denied without prejudice.  Furthermore, the plaintiff has not demonstrated that he has made sufficient efforts to find legal representation or assistance on his own.  For example, he does not allege that he made any attempts to contact the Inmates' Legal Assistance Program with regard to any questions he might have about drafting a proposed amended complaint or reopening this case.

## III.    LETTER DATED AUGUST 23, 2012 (DOC. NO. 17)

The letter is addressed to the undersigned and was received by the court on August 31, 2012.  The plaintiff references the present case as well as Bailey v. Corbett.  The Clerk docketed the letter, in both this case and Bailey v. Corbett, as a Motion to Compel and for Appointment of Counsel.

The plaintiff is well aware of the fact that he is required to file a properly captioned and titled motion if he seeks relief from the court.  The letter includes information regarding conditions of confinement at Carl Robinson and other issues that are not relevant to the claims that the plaintiff asserted in the Complaint filed in this action.  The plaintiff suggests that the court might consider appointing him counsel or ordering injunctive relief.  On September 28, 2012, the court issued a Ruling addressing the allegations in this letter in Bailey v. Corbett.  As part of the Ruling, the court directed the attorney representing the defendants in that action to investigate the allegations in

5

the letter and report his findings to the court. Furthermore, the court has already addressed the plaintiff's request for appointment of counsel in a prior section of this Ruling. For all of the reasons stated above, the letter which has been docketed as a Motion to Compel and for Appointment of Counsel (Doc. No. 17), is denied in all respects.

**IV.   CONCLUSION**

The Motions for Reconsideration (Doc. Nos. 14, 16) are **DENIED in all respects**. The Motion for Appointment of Counsel (Doc. No. 15) is **DENIED** without prejudice. The Letter (Doc. No. 17), which the Clerk has docketed as a Motion to Compel and for Appointment of Counsel, is **DENIED in all respects**.

The court will permit the plaintiff **thirty days** from the date of this Order to file a new motion to reopen and a motion for leave to file an amended complaint pertaining only to the claimed inadequate medical treatment by prison employees at New Haven and Bridgeport Correctional Centers in 2011. The plaintiff must submit a proposed amended complaint with his motion for leave to file an amended complaint. The plaintiff is cautioned that the allegations in the proposed amended complaint must be limited to his medical conditions and the alleged delays in or denial of medical treatment for those conditions by employees of Bridgeport and Hartford Correctional Centers in 2011. If it is not so limited, the court expects it will deny the motion for leave to amend.

**SO ORDERED.**

Dated at New Haven, Connecticut this 13th day of February, 2013.


　　　　　　　　　　　　　　　　　　 /s/ Janet C. Hall　　　　　　　　
　　　　　　　　　　　　　　　　　　Janet C. Hall
　　　　　　　　　　　　　　　　　　United States District Judge